IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | CASE NO. 4:23-CR-018-CDL-MSH |
| Plaintiff, | |
| v. | |
| **LELAND WOFFORD,** | |
| Defendant. | |

## PROTECTIVE ORDER LIMITING THE DISCLOSURE OF DISCOVERY MATERIALS

For the reasons stated in the Government's Motion for a Protective Order to Limit Disclosure of Discovery Materials, IT IS HEREBY ORDERED pursuant to Rule 16(d) of the Federal Rules of Criminal Procedure that:

1. As used herein the term "defense team" shall constitute: Defendants, defense counsels, and paralegals, investigators, litigation support personnel, experts and secretarial staff working for defense counsel.

2. As used in herein, the term "discovery materials" shall pertain to all materials provided by the Government in discovery in the above captioned case.

3. For purpose of this order, PII includes, but is not limited to, the following:

1) Home address
2) Email address
3) Social Security number
4) Date of birth
5) Financial data
6) Employment history
7) Telephone number
8) National/State/FBI identification number
9) Passport number
10) Vehicle registration number
11) Driver's license number
12) Biometric information
13) Full name

4. Any and all discovery materials provided by the Government in this criminal case to the Defendant is to be used by the Defendant and his counsel solely for the purpose of allowing the Defendant to prepare his defense in this case, and neither the Defendant, defense counsel, nor any member of the defense team will disseminate, disclose, or provide discovery to anyone who is not necessary to the preparation of the defense of the above-captioned case.  This includes a prohibition of posting any discovery materials online and on social media such as YouTube, Facebook, Instagram, etc.

This applies to all discovery provided by the Government pursuant to this criminal action, regardless of whether such discovery has already been produced or will be produced in the future, and regardless of whether such discovery has or will be produced pursuant to Rule 16 or otherwise.  Similarly, in the event that any defendant produces to the Government in reciprocal discovery any document which contains PII, it is to be treated under the same conditions.

5. The Defendant is not allowed to possess the unredacted discovery materials outside the presence of counsel, or copy, the same without first redacting PII.

6. The discovery materials in the above captioned case may be reviewed in full by the defense team, and if necessary, may be used in the trial of this case.  However, the defense team is restricted from sharing the discovery materials outside the defense team.

7. The defense team may also review the discovery material with any expert witness that may be necessary in the preparation of Defendants' defense.  However, the defense teams must limit the discovery materials provided to any expert witness to those necessary for the expert witness to perform his or her work.  The defense team must also take care in sharing these materials to ensure that no Personally Identifiable Information (PII) is given to the expert witness.

8. The defense team may disclose the discovery materials to any witness it deems necessary in the preparation of the Defendants' defense.  However, such witness

may not be provided a copy of the discovery materials, but may only review them with the presence of defense counsel or any co-counsel, paralegal, investigator, litigation support person, or secretary of defense counsel. The defense team must also ensure that any PII has been redacted before showing the discovery material to such witness.

9. The discovery materials may also be disclosed and provided to the Court (including by filing and making use of exhibits) in connection with the proceedings in the criminal case. It shall be the responsibility of any party filing discovery material to ensure that all PII has been redacted.

10. If any Defendant or his counsel desires to disclose or make available the discovery materials to any person not described in this ORDER or for any purpose other than the defense of the criminal case, they must seek relief from the Court.

11. This Protective Order shall survive the final termination of this action, and upon termination of this action and termination of any appeal or other proceeding relating to the criminal action, counsel for each Defendant shall certify that all copies have been destroyed or return all copies of the discovery materials to the Government that are: (1) not a matter of public record; (2) not maintained for purposes of post-conviction review and representation; or (3) not maintained in defense counsel's file in accordance with the State Bar of Georgia's Rules of Professional Conduct.

IT IS SO ORDERED, this 5th day of February 2024.

    s/Stephen Hyles
STEPHEN HYLES
UNITED STATES MAGISTRATE JUDGE